IN THE COURT OF APPEALS OF IOWA
 
 No. 18-1159
 Filed September 12, 2018
 
 
IN THE INTEREST OF T.P.,
Minor Child,

H.P., Mother,
 Appellant,

L.P., Father,
 Appellant.
________________________________________________________________
 Appeal from the Iowa District Court for Polk County, Rachael E. Seymour, District Associate Judge.

 A mother and father appeal the termination of their parental rights. AFFIRMED ON BOTH APPEALS.

 Zachary C. Priebe of Jeff Carter Law Offices, PC, Des Moines, for appellant mother.
 Mark D. Reed of Marberry Law Firm, PC, Urbandale, for appellant father.
 Thomas J. Miller, Attorney General, and John B. McCormally, Assistant Attorney General, for appellee State.
 Karl Wolle of Juvenile Public Defender Office, Des Moines, guardian ad litem for minor child.

 Considered by Danilson, C.J., and Vogel and Tabor, JJ.VOGEL, Judge.
 The mother and father separately appeal the termination of their parental rights to their son, T.P. They argue the statutory grounds for termination have not been met and termination is not in the child's best interests. We agree with the district court and affirm.
 T.P. was born in April 2017. He was removed from the parents' care shortly after birth due to concerns the parents were incapable of caring for him. Both parents have borderline intellectual functioning. In addition, the father's mental-health issues include anxiety, depression, and post-traumatic stress disorder; the mother's mental-health issues include bipolar disorder and anxiety. Both parents have been inconsistent in attending their own medical appointments. Cleanliness in their home, including infestations of cockroaches and bedbugs, was an issue throughout the proceedings. By the end of the termination hearing, the parents had left their home and were living in a tent in a wooded area. 
 T.P. has been described as "medically fragile," diagnosed with hypotonia, chromosomal deletion, torticollis, and plagiocephaly -- with various symptoms including generalized weakness and lack of coordination. He has been in foster care throughout the proceedings, and his current foster family is willing to adopt him. He wears a helmet at almost all times to correct the shape of his head; however, he does not wear the helmet during visits with the parents due to concerns with keeping it clean. Because of his many medical issues, T.P. has several therapy appointments each month plus medical visits. The parents were notified of and invited to T.P.'s appointments, though they typically did not attend. The parents were initially offered four supervised visits per week, which was reduced to two supervised visits per week due to their lack of attendance. When the termination hearing began, the father had attended four of the previous fifteen interactions offered, and the mother had attended five of the previous fifteen interactions. 
 The parents receive assistance from their own community support advocates. They began taking weekly SafeCare parenting classes in May 2017. The program contains approximately nineteen sessions and is designed for a new session each week. The instructor modified the SafeCare classes to go at a slower pace to accommodate the parents' ability to learn new skills. By the time the termination hearing began on February 2, 2018, the parents had completed approximately six sessions. 
 On May 3, 2017, T.P. was adjudicated a child in need of assistance (CINA). The termination hearing was held over the course of several days: February 2, March 2, March 8, and April 6, 2018. On June 29, the juvenile court terminated both parents' rights under Iowa Code section 232.116(1)(e) and (h) (2018).
 We review termination proceedings de novo, giving weight to but not being bound by the district court's factual findings. In re M.W., 876 N.W.2d 212, 219 (Iowa 2016). "There must be clear and convincing evidence of the grounds for termination of parental rights." Id. Our primary consideration is the best interests of the child. In re A.B., 815 N.W.2d 764, 776 (Iowa 2012).
 The parents first argue the statutory grounds for termination were not met. "On appeal, we may affirm the juvenile court's termination order on any ground that we find supported by clear and convincing evidence." In re D.W., 791 N.W.2d 703, 707 (Iowa 2010). Under Iowa Code section 232.116(1)(h), the court may terminate parental rights if it finds all of the following:
 (1) The child is three years of age or younger.
 (2) The child has been adjudicated a child in need of assistance pursuant to section 232.96.
 (3) The child has been removed from the physical custody of the child's parents for at least six months of the last twelve months, or for the last six consecutive months and any trial period at home has been less than thirty days.
 (4) There is clear and convincing evidence that the child cannot be returned to the custody of the child's parents as provided in section 232.102 at the present time.
It is undisputed T.P. is three years of age or younger, was adjudicated CINA, and had been removed from the physical custody of his parents for at least six of the previous twelve months. Iowa Code § 232.116(1)(h)(1) - (3). The remaining question is whether T.P. could be returned to the parents' care at the time of the termination hearing. Id. § 232.116(1)(h)(4); see In re A.M., 843 N.W.2d 100, 111 (Iowa 2014) (indicating the statutory language "at the present time" refers to the time of the termination hearing). 
 The parents did not have suitable housing for T.P. at any point during these proceedings, and they were homeless by the end of the termination hearing. They also had not completed the SafeCare program and shown they possess adequate parenting skills. Safe housing and strong parenting skills are especially important for T.P. considering his tender age and special needs. This lack of housing and parenting skills provides clear and convincing evidence T.P. could not be returned to the parents' care. See Iowa Code § 232.116(1)(h)(4). Therefore, the statutory grounds for termination were met. See id. § 232.116(1)(h).
 Second, the parents argue termination is not in T.P.'s best interests. In making a best-interests determination, we "give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child." Id. § 232.116(2). As explained above, the parents have not shown they possess suitable parenting skills or housing. The DHS worker testified she assisted these parents in ways that she typically would not do, such as transporting them to appointments and spending more time listening to their concerns. Despite the accommodations made, neither parent has made more than glacial progress in the SafeCare program. They have not taken full advantage of offered visitations -- which remained fully supervised -- and therapy appointments with T.P. They also have not fully addressed their own mental and physical health concerns that have been present throughout the proceedings, nor have they shown they can adequately meet T.P.'s many special needs. 
 We are mindful that both parents have intellectual disabilities. Our supreme court has said:
[A] parent's mental disability alone is not a sufficient reason for termination. But we [have] also said . . . such a disability "is a proper factor to be considered in determining whether the child is neglected to the point" at which termination is necessary to serve the child's best interests. This necessity arises when the disabled parent lacks the capacity to meet the child's present needs as well as the capacity to adapt to the child's future needs.

In re A.M.S., 419 N.W.2d 723, 733 - 34 (Iowa 1988) (citing In re Wardle, 207 N.W.2d 554, 564 (Iowa 1973)). Like the juvenile court, we have "no doubt of parents' desire to be good parents, [but] their actions have not demonstrated they are capable of caring for the child now or in the future." T.P. has done well with his foster family and, with his special needs being met, is likely to continue doing so. Therefore, we find termination is in T.P.'s best interests.
 AFFIRMED ON BOTH APPEALS.